IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CASTELLANO,  )<br>                                    )<br>    Plaintiff                    )<br>                                    )   No. _____<br>v.                                  )<br>                                    )<br>THE UNITED STATES OF AMERICA,  )<br>                                    )<br>    Defendant.                   )| |

## COMPLAINT

### Count I: Personal Injury

NOW COMES The Plaintiff, Michael Castellano, by and through his attorneys, Newland & Newland, LLP, and complaining of The Defendant, states as follows:

1. This action arises under The Federal Tort Claims Act, 28 U.S.C. §§ 2671, et. Seq., and Jurisdiction is predicated upon the provisions of 28 U.S.C. 1346 (b).

2. Plaintiff, Michael Castellano, is an individual and resident of The State of Illinois, living in the Northern District of Illinois, Eastern Division.

3. That on the 19th day of October, 2014, at approximately 9:10 a.m., Jamal B. Pride was the driver and in possession of a certain motor vehicle which he as operating in a westerly direction along Belle Plaine, at or near its intersection with Ashland Avenue. That said roadways are frequently-traveled public highways located in a densely-populated area of The City of Chicago, County of Cook, State of Illinois.

4. That at said time and place, Jamal B. Pride had possession of such vehicle while he was an employee of The United States Government and while he was acting during the course and scope of that employment, specifically with The United States Postal Service.

5. That on or about the 19th day of October, 2014, at approximately 9:10 a.m., The Plaintiff, Michael Castellano, was the driver of a certain vehicle which was travelling and facing northbound on Ashland Avenue, at or near the above-referenced intersection.

6. That at said time and place, Jamal B. Pride, in his capacity as agent for The United States Government, negligently operated and propelled the vehicle so that, as a direct and proximate cause thereof, it forcibly and violently collided with the rear side portion of the automobile occupied by The Plaintiff, Michael Castellano.

7. That then and there, Jamal B. Pride, in his capacity as agent for the United States Government, was guilty of one or more of the following negligent acts or omissions:

(a) Jamal B. Pride, in his capacity as agent for The United States Government, operated a vehicle at a speed greater than that which was reasonable, proper and commensurate with the existing traffic conditions at or near the subject intersection, contrary to and in direct violation of 625 ILCS 5/11-601;

(b) Jamal B. Pride, in his capacity as agent for The United States Government, failed to apply the brakes of the vehicle and reduce its speed at such a distance as to control the movement of and stop said vehicle before impact, contrary to and in direct violation of 625 ILCS5/11-601;

(c) Jamal B. Pride, in his capacity as agent for The United States Government, failed to exercise due care and caution while operating the vehicle particularly when danger was imminent to an automobile being operated by The Plaintiff, Michael Castellano, at or near the subject intersection.

(d) Jamal B. Pride, in his capacity as agent for The United States Government, failed to keep a proper and diligent lookout for other vehicular traffic, particularly, an automobile being operated by the Plaintiff, Michael Castellano, at or near the subject intersection.

(e) Jamal B. Pride, in his capacity as agent for The United States Government, failed to take proper evasive action to avoid a collision with the automobile being operated by The Plaintiff, Michael Castellano, once a collision at or near the subject intersection had become imminent;

(f) Jamal B. Pride, in his capacity as agent for The United States Government, failed to give any audible warning of an impending danger by sounding the horn of the vehicle once a collision had become imminent;

(g) Jamal B. Pride, in his capacity as agent for The United States Government, was otherwise careless as well as negligent in his operation of the vehicle.

3

8. That by reason of the premises and as a direct and proximate result thereof, The Plaintiff, Michael Castellano, then and there sustained severe and permanent injuries, both externally and internally, and he was thereby greatly hurt, bruised and wounded; the neck pack, spine, arms, legs, body, head, bones, joints, muscles, tendons, nerves, membranes, ligaments and vessels thereof were seriously contused, bruised, sprained, wrenched, weakened and torn; he suffered sleeplessness; the function and use of the aforesaid were impaired and made painful; and he became therefrom sick, sore and disordered and so remained for a long period of time, to wit: from thence to hitherto, during of all which time he suffered great pain and anguish both in mind and body and will, and in the future, continue to suffer and he was by reason of said injuries hindered and prevented, and permanently will be hindered and prevented from attending to his usual duties and affairs, he had loss of normal life past and future, pain and suffering past and future and incurred medical expenses both past and future, all to his damage for a sum in excess of SIXTY THOUSAND and 00/100 ($60,000.00) dollars.

9. On August 5, 2015, Plaintiff, Michael Castellano, submitted his claim in the amount of SIXTY THOUSAND and 00/100 ($60,00.00) dollars to the United States Postal Service. By September 24, 2015, the United States Postal Service has neither accepted nor rejected such claim; and, pursuant to 28 USC § 2675(a), The Plaintiff, Michael Castellano, accordingly elected to consider such a failure to act as a final denial of his claim.

## Count II: Property Damage

The Plaintiff, Michael Castellano, restates and incorporates paragraphs 1-9 of Count I of this Complaint. In addition, The Plaintiff states as follows:

1. As a direct and proximate cause of the negligence of Jamal B. Pride, in his capacity as agent for The United States Government, The Plaintiff, Michael Castellano's vehicle was damaged. Said vehicle was beyond the value to repair the vehicle and vehicle value was FIVE THOUSAND FOUR HUNDRED and 00/100 ($5,400.00) dollars.

WHEREFORE, The Plaintiff, Michael Castellano, requests judgment against The Defendant, United States of America, for a sum in excess of SIXTY THOUSAND and 00/100 ($60,000.00) dollars for personal injuries, FIVE THOUSAND FOUR HUNDRED and 00/100 ($5,400.00) dollars for property damage, cost of suit and such other relief as The Court may deem proper.

Respectfully Submitted,
MICHAEL CASTELLANO, Plaintiff

By: _____
One of his attorneys

Gary A. Newland
NEWLAND & NEWLAND, LLP
121 S. Wilke, #301
Arlington Heights, IL 60005
847-797-8000 (P)
847-797-9090 (F)
ARDC# 6217146